PALMARITO DE CAUTO SUGAR COMPANY, Respondent, *v.* GROVE E. WARNER and Another, as Executors, etc., of CHARLES M. WARNER, Deceased, Appellants.

First Department, February 8, 1929.

*Emery H. Sykes* of counsel [*Sullivan & Cromwell*, attorneys] for the appellants.

*John Marx* of counsel [*Eugene S. Bibb* and *Erland Lind*, attorneys], for the respondent.

PER CURIAM. The Cuban decree in insolvency which it is sought to use as a bar to this action (one to set aside a fraudulent transfer of shares of stock) cannot have the effect asserted of it. The Cuban Codes of Commerce and of Civil Procedure, on critical reading, provide for meetings of creditors, surveys, appraisals and auctions where real property is involved, which were wholly ignored in the process of procuring the judgment set up as *res adjudicata* here. The practice testified to by experts, of having a bankruptcy decree so entered cover matters of alienation and compromise not comprehended in the pending suit, is unauthorized and null, and a search of the judgment reveals no intent to dispose of the precise chose to be litigated here under the assertions of fraud.

The action is brought to set aside the transfer of the shares of stock held by one Lind in Compania Azucerara Palmarito on September 5, 1912, to the decedent Warner without consideration

and in fraud of the creditors. Lind was indebted to the plaintiff and other creditors in large sums on that day. The alleged agreements between Lind, Warner and their accomplices, it is asserted, show that Warner knew Lind was bankrupt and was endeavoring to get his property for himself. This action may be construed as a representative one if the complaint so shows, even though plaintiff be not suing, so far as alleged, on behalf of itself and others similarly situated.

The defendants contend that the claim here presented was adjudicated, released and dismissed by the Cuban decree of May 12, 1915. But it cannot be construed as a valid decree binding the present plaintiff and other creditors, or that it settled the claim here presented, which is to recover shares of stock or their value. The settlement, being invalid under Cuban law, of no force and effect, and not covering and including the cause of action now brought, presents no valid judgment as *res adjudicata* barring the present suit. To have the force of *res adjudicata*, article 1252 of the Cuban Civil Code provides that there must be the most perfect identity between the things, causes and persons of the litigants and their character as such.

The matter pending at the time the settlement was proposed was the recovery of the Palmarito Mill, and interdict to get possession. Suit to test title which is separately litigated had not been commenced. The decree shows that, at most, only the possession of Palmarito real property was involved. There is no mention made of the shares of stock transferred by Lind to Warner, nor were the rights of creditors to set aside such transfer mentioned, discussed or considered. Such shares are not mentioned, nor were they involved or covered by the decree. This was conceded by both of the defendants' witnesses. The only reference is to the twenty-five per cent transferred to the Spanish bank in October, 1913. This assignment and transfer due to the retroaction of the bankruptcy was also void and invalid. No suit was pending between the trustees and the Spanish bank with reference thereto at the time the decree was entered, and the trustees by this decree could not give validity to or compromise a transaction which was absolutely void, and with reference to which no suit was pending, as between the trustees and the bank. Article 1815 of the Cuban Civil Code provides that a compromise shall only include the objects specifically determined therein or which by necessary inference from the words used must be considered as included therein. No mention being made of the shares of stock transferred by Lind to Warner on September 5, 1912, except as to twenty-five per cent of common stock, with reference to which no suit was pending, and the rights of the creditors

thereto not being considered or contemplated in the decree in question, it necessarily follows that the present suit based upon such rights not considered, adjudicated or released in said decree, is not barred.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements, with leave to the defendants to answer on payment of said costs.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendants to answer on payment of said costs.